Shauck, J.
This case is fruitful of questions. We do not deem it necessary to pass upon all that have been suggested by counsel. There are many of these questions, with respect to which we are inclined to views which we ought to regard rather as impressions, than conclusions reached in the case. It is first claimed on behalf of the defendant, that the contract which I have just read is void, as being against the public policy of the state, as that policy is defined in section 3838 of the statutes, which provides that in a case of this character, when two railroads cross each other at a common grade, crossings shall be made and kept in repair, and watchmen maintained thereat, at the joint expense of the companies owning the tracks, — and it further provides with respect to the management of the crossing, the approach of trains, etc. In support of the contract in this respect, it is claimed that the parties here have not undertaken to abate the precautions against accidents which, from public considerations, the statute provides for; that the contract contemplates the full compliance with the provisions of the statute as to the employment of a watchman, in which it is admitted the public are interested; but that it seeks only to charge upon one company the payment of t'he expense, and in that payment, it is said, the public are not interested. The statute enjoins this as an immediate duty upon both roads. In the prompt performance of that duty the public confessedly have an interest. Whether a court of equity, after the parties have failed for eight years to perform this plain duty thus solemnly imposed upon them by the statute, ought to hear the plaintiff assert that the duty was by the contract wholly shifted to the defendant, is a question which we shall not undertake to answer unless the answer is suggested by the question itself. It is further claimed by the defendant* that in this contract the senior company untertook to negotiate with the junior company with the reference only to what it already had by law, and which it did not itself possess, and that there is, therefore, *279 a failure of consideration. The provisions of the contract in this respect, as in many others, are vague and uncertain. The grant is in these words, “ That said party of the second part shall have right to construct and use its railroad as now located across the railroad and right-of-way of the party of the first part.” The right thus granted, if the instrument be strictly construed, according to the decision of the supreme court in Railway v. Railway, 30 Ohio St., 615, passed from the state to the junior road by the grant of its charter. The proper determination of this case is the only duty enjoined upon us, and it is not necessary for us to determine whether for all purpCses the language of this contract ought to be construed into a grant of the right-of-way. But we are not persuaded that the plaintiffs are entitled to such liberality of construction when they seek affirmative relief with respect to this contract. We are all agreed that an obvious ground for the determination of this case is found in the continuing personal nature of some of the stipulations of this contract,, and in the vague and indefinite character of others. The first and second of these conditions are that the junior road shall construct and put in at is own proper expense, said crossing, and also at its own proper expense construct the target, without specification as to the character of the target, watchman’s house, or the other structures, fixtures, and equipments, without any designation of the character of the improvements that are named here, and without any designation as to what other improvements may by the parties to this contract be deemed necessary, and the same to be done to the perfect satisfaction of the party operating said Columbus & Xenia R. R. and in all respects suitable and proper for the place. And also to keep and maintain at its own expense such crossing, and all structures and fixtures appertaining thereto, in good repair and condition, and in a manner satisfactory to the party operating the said Columbus & Xenia R. R. And also at his own expense to make additions and improvements such as the business of the parties may require; and, still further, to keep a watchman, who shall be satisfactory to the corporation operating the Columbus &- Xenia R. *280 R. and to remove upon its request any watchman and to furnish another suitable perrson in his stead.
Now in the light of the stipulations of this contract, a decision of the supreme court in 13th Ohio St., in the case of the Port Clinton R. R. Co. v. Columbus & Toledo R. R. Co., it seems to us is conclusive of the rights of the parties with respect to the relief here prayed for. This also was a suit for specific performance, and in passing upon it the court have collected some authorities which I find it more convenient to read than to collect them otherwise. (The court here read from vol. 13 Ohio State Reports, page 549 and page 551.) Applying these rules to the case in hand; we have no authority to determine what would be a proper target or. a proper watchman’s house, or what other fixtures are necessary or their character. If we should decree their construction according to the diagrams submitted, we should plainly add to the stipulations of the parties in this case, as they have not contracted with reference to them.. And if we should decree specific performance without some definite instruction, we could never determine, except by evidence aliunde, whether the decree had been obeyed. Specific performance cannot be decreed because the contract does not itself furnish a standard by which performance is to be determined.
Another equally safe ground of decision is found in the unconsionable character of this contract. While we have sought to abstain from the expression of an opinion as to whether anything passes, to the junior company by this agreement, it is determined by the supreme court in the 30 Ohio State, that the senior company had nothing to give except what, according to that case, was found to be worth only $60, and what in this case would certainly be worth but little, if any more. We are asked to decree, as compensation for this, the payment and expenditure of the one-half of from $1,200. to $1,500. in the first year, and thereafter of the one-half of from $650. to $1,000. annually during the joint use of the crossing. We are not advised of any other case in which a court has been asked to decree the specific performance of so unjust and inequitable a contract. Cases much less striking in this respect have elicited from courts of equity *281 such expressions as “Equity will not decree a specific performance if there is inequality or hardship in the contract,” or “ where there is reason to doubt whether the defendant entered into the contract understandingiy; ” “ equity will not promote injustice; ” “ equity will not decree a specific performance of hard and unconscionable bargains,” and many other forms of expression used to convey the prevailing rule that equity will interfere only for the promotion of equity. While the delay of the plaintiff to sue for the specific performance of this contract might not of itself be sufficient reason for refusing the relief, it is a considerable circumstance under the rule as stated by Story, that “ if a party applies for relief of this character after a long lapse of time, unexplained by equitable circumstances, his bill will be dismissed.” ■ In this case there is no explanation whatever for the delay, and in the-m eantime the defendant acquired its rights in the junior road for a valuable consideration, and without notice of the rights now claimed by the plaintiffs. With respect to specific performance as to other branches of equitable jurisdiction, the rule is that equity will not interfere where legal remedies are adequate. The petition in this case is defective, because it fails to show any necessity for the exercise of such jurisdiction. What the legal remedy might be, we need not determine; if it should be found to be compensation for the value of the right-of-way as in proceedings to appropriate, as held by the supreme court in 43 Ohio State, it would be exactly adjusted to the plaintiff’s right. There are other reasons' why the relief prayed for should be denied, but those stated are sufficient. The petition will, be dismissed and defendant will have judgment for costs,
Charles Darlington, for plaintiffs.
Oscar T. Martin, for defendant.